12-4100
Li v. Holder

BIA
A094 803 025

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of October, two thousand thirteen.

PRESENT:
JOSÉ A. CABRANES,
PETER W. HALL,
RAYMOND J. LOHIER, JR.,
    *Circuit Judges*.

_____

PING LI,
    *Petitioner*,

    v.                                        12-4100
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
    *Respondent*.

_____

FOR PETITIONER:        Peter L. Quan, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General, Civil Division;
                       Stephen J. Flynn, Assistant
                       Director; Julie M. Wolf, Law Clerk;
                       Arthur L. Rabin, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Ping Li, a native and citizen of China, seeks review of a September 19, 2012, decision of the BIA denying his motion for reconsideration. *In re Ping Li*, No. A094 803 025 (B.I.A. Sept. 19, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the denial of a motion for reconsideration for abuse of discretion. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir. 2006); *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). A motion to reconsider must "specify the errors of fact or law in the [challenged BIA decision] and [] be supported by pertinent authority." *See* 8 U.S.C. § 1229a(c)(6); 8 C.F.R. § 1003.2(b)(1); *Ke Zhen Zhao v. Mukasey*, 265 F.3d 83, 90 (2d Cir. 2001).

As Li timely petitioned for review of only the BIA's denial of his motion for reconsideration, we are precluded from considering the merits of the underlying removal proceedings. *See Jin Ming Liu*, 439 F.3d at 111. However, in his brief, Li does not challenge the BIA's denial of this

motion and, instead, seeks review of the BIA's earlier decision dismissing his appeal. Li has therefore abandoned any challenge to the denial of the motion for reconsideration, *see Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n.7 (2d Cir. 2005), the sole issue we have jurisdiction to review. This alone provides a basis for denying the petition for review.

In any event, the BIA's denial of the motion was not an abuse of discretion. In the motion, Li merely reiterated his previous argument that his detention and subsequent questioning established past persecution, but he did not identify any errors of law or fact. "The BIA does not abuse its discretion by denying a motion to reconsider where the motion repeats arguments that the BIA has previously rejected." *Jin Ming Liu*, 439 F.3d at 111.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3